UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

JAMES HOBBS,

                Plaintiff,                Case No. 1:24-cv-1024

v.                                              Honorable Ray Kent

MICHIGAN PAROLE BOARD et al.,

                Defendants.
_____/

**OPINION**

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. The Court

has granted Plaintiff leave to proceed *in forma pauperis*. Pursuant to 28 U.S.C. § 636(c) and

Rule 73 of the Federal Rules of Civil Procedure, Plaintiff consented to proceed in all matters in

this action under the jurisdiction of a United States Magistrate Judge. (ECF No. 1, PageID.4.)

This case is presently before the Court for preliminary review under the Prison Litigation

Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), pursuant to 28 U.S.C.

§§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court is required to conduct this initial

review prior to the service of the complaint. *See In re Prison Litig. Reform Act*, 105 F.3d 1131,

1131, 1134 (6th Cir. 1997); *McGore v. Wrigglesworth*, 114 F.3d 601, 604–05 (6th Cir. 1997).

Service of the complaint on the named defendants is of particular significance in defining a

putative defendant's relationship to the proceedings.

"An individual or entity named as a defendant is not obliged to engage in litigation unless

notified of the action, and brought under a court's authority, by formal process." *Murphy Bros.,*

*Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347 (1999). "Service of process, under

longstanding tradition in our system of justice, is fundamental to any procedural imposition on a named defendant." *Id.* at 350. "[O]ne becomes a party officially, and is required to take action in that capacity, only upon service of a summons or other authority-asserting measure stating the time within which the party served must appear and defend." *Id.* (citations omitted). That is, "[u]nless a named defendant agrees to waive service, the summons continues to function as the *sine qua non* directing an individual or entity to participate in a civil action or forgo procedural or substantive rights." *Id.* at 351. Therefore, the PLRA, by requiring courts to review and even resolve a plaintiff's claims before service, creates a circumstance where there may only be one party to the proceeding—the plaintiff—at the district court level and on appeal. *See, e.g.*, *Conway v. Fayette Cnty. Gov't*, 212 F. App'x 418 (6th Cir. 2007) ("Pursuant to 28 U.S.C. § 1915A, the district court screened the complaint and dismissed it without prejudice before service was made upon any of the defendants . . . [such that] . . . only [the plaintiff] [wa]s a party to this appeal.").

Here, Plaintiff has consented to a United States Magistrate Judge conducting all proceedings in this case under 28 U.S.C. § 636(c). That statute provides that "[u]pon the consent of the parties, a full-time United States magistrate judge . . . may conduct any or all proceedings . . . and order the entry of judgment in the case . . . ." 28 U.S.C. § 636(c). Because the named Defendants have not yet been served, the undersigned concludes that they are not presently parties whose consent is required to permit the undersigned to conduct a preliminary review under the PLRA, in the same way they are not parties who will be served with or given notice of this opinion. *See Neals v. Norwood*, 59 F.3d 530, 532 (5th Cir. 1995) ("The record does not contain a

consent from the defendants[; h]owever, because they had not been served, they were not parties

to this action at the time the magistrate entered judgment.").[1]

Under the PLRA, the Court is required to dismiss any prisoner action brought under federal

law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted,

or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2),

1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see*

*Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they

are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying

these standards, the Court will dismiss Plaintiff's complaint because his claims are barred by *Heck*

*v. Humphrey,* 512 U.S. 477 (1994), certain Defendants are immune from suit, and Plaintiff has

failed to state a claim upon which relief may be granted.

## Discussion

### I.    Factual Allegations

Plaintiff is presently incarcerated with the Michigan Department of Corrections (MDOC)

at the Oaks Correctional Facility (ECF) in Manistee, Manistee County, Michigan. The events about

which he complains, however, occurred at the Charles Egeler Reception & Guidance Center

(RGC) in Jackson, Jackson County, Michigan. Plaintiff sues the Michigan Parole Board, and the

following individuals in their official and personal capacities: Parole Agent Jennifer Barnes, Parole

---

[1] *But see Coleman v. Lab. & Indus. Rev. Comm'n of Wis.*, 860 F.3d 461, 471 (7th Cir. 2017) (concluding that, when determining which parties are required to consent to proceed before a United States Magistrate Judge under 28 U.S.C. § 636(c), "context matters" and the context the United States Supreme Court considered in *Murphy Bros.* was nothing like the context of a screening dismissal pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c)); *Williams v. King*, 875 F.3d 500, 503–04 (9th Cir. 2017) (relying on Black's Law Dictionary for the definition of "parties" and not addressing *Murphy Bros.*); *Burton v. Schamp*, 25 F.4th 198, 207 n.26 (3d Cir. 2022) (premising its discussion of "the term 'parties' solely in relation to its meaning in Section 636(c)(1), and . . . not tak[ing] an opinion on the meaning of 'parties' in other contexts").

Specialist Ken VanElls, Parole Board Members Sandra A. Wilson and Edwin M. Heap, and "Acting Law Judge" Unknown Wright. (Compl., ECF No. 1, PageID.2.)

Plaintiff alleges that on January 27, 2022, Defendant Barnes issued Plaintiff a parole violation for threatening and intimidating behavior. (*Id.*, PageID.3.) It appears that Plaintiff was arrested for the violation without a warrant. (*Id.*)

On February 11, 2022, Defendant VanElls interviewed Plaintiff regarding the parole violation. (*Id.*) The hearing was originally scheduled for February 10, 2022; Defendant VanElls did not provide Plaintiff with any reason for the one-day delay. (*Id.*) Plaintiff pleaded guilty. (*Id.*)

On March 2, 2022, Defendant Wright provided Plaintiff with a continuance on the hearing to revoke Plaintiff's parole because of Plaintiff's "mental illness." (*Id.*)

On March 21, 2022, Defendants Wilson and Heap revoked Plaintiff's parole. (*Id.*)

As a result of the events described in the complaint, Plaintiff seeks injunctive and monetary relief.

## II.    Failure to State a Claim

A complaint may be dismissed for failure to state a claim if it fails "to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Id.*; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility

4

standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Id*. at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

### A.    Plaintiff's Claim Is *Heck* Barred

Plaintiff's complaint is scant on facts and the basis for Plaintiff's claims are largely unclear. Plaintiff appears to take issue with the lack of warrant for his arrest and the proceedings that led to the revocation of his parole. However, Plaintiff ultimately seeks recourse for what he describes as "this illegal incarceration." (ECF No. 1, PageID.4.) Section 1983 provides a cause of action for "the deprivation of any rights, privileges, or immunities secured by the Constitution and laws" by any person acting "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory." 42 U.S.C. § 1983. The Supreme Court, however, has limited the availability of § 1983 actions for prisoners in a series of cases, the most pertinent of which is *Heck v. Humphrey*,

512 U.S. 477 (1994). The Sixth Circuit has explained the bar that *Heck* places on § 1983 suits

brought by prisoners as follows:

> Federal courts have long recognized the potential for prisoners to evade the habeas exhaustion requirements by challenging the duration of their confinement under 42 U.S.C. § 1983, rather than by filing habeas petitions. Consequently, the Supreme Court recognized a "habeas exception" to § 1983 in *Preiser v. Rodriguez*, 411 U.S. 475, 93 S.Ct. 1827, 36 L. Ed. 2d 439 (1973), when it held that suits challenging the fact or duration of confinement fall within the traditional scope of habeas corpus and accordingly are not cognizable under § 1983. The Court expanded the habeas exception to § 1983 in *Heck v. Humphrey*, 512 U.S. 477, 114 S. Ct. 2364, 129 L. Ed. 2d 383 (1994), and *Edwards v. Balisok*, 520 U.S. 641, 117 S. Ct. 1584, 137 L. Ed. 2d 906 (1997). In *Heck*, the Court determined that, unless a prisoner's conviction or sentence were previously set aside by a separate legal or administrative action, § 1983 would not countenance claims for damages if a finding for the plaintiff would *necessarily invalidate* a conviction or sentence. And in *Balisok*, the Court concluded that a prisoner cannot use § 1983 to challenge prison procedures employed to deprive him of good-time credits when the . . . procedural defect alleged would, if established, "necessarily imply the invalidity of the punishment imposed." 520 U.S. at 648, 117 S. Ct. at 1584.

*Thomas v. Eby*, 481 F.3d 434, 438 (6th Cir. 2007) (emphasis in original).

The principles set forth in *Heck* apply to state parole revocation proceedings. *Munofo v.*

*Alexander*, 47 F. App'x 329, 330–31 (6th Cir. 2002). Therefore, "[w]hen a prisoner is challenging

parole procedures, he may bring a § 1983 action for damages." *Id.* (internal citation omitted).

However, a plaintiff cannot bring a § 1983 claim that necessarily implies the invalidity of his

confinement, no matter how styled, unless he has successfully challenged his parole revocation

through the appropriate remedies. *Id.*

Here, Plaintiff's alleges that he was arrested without a warrant and appears to claim that

Defendants did not follow proper procedures in the course of revoking Plaintiff's parole. However,

Plaintiff's complaint is ultimately aimed at challenging what Plaintiff deems his "illegal

incarceration." (ECF No. 1, PageID.4.) His requests for relief necessarily depend upon his

assertion that the constitutional violations invalidate his parole revocation. As Plaintiff has not

alleged that his parole violation conviction has been overturned or invalidated, Plaintiff's claim is

barred by *Heck.*

The Sixth Circuit reached a similar result in *Monofo*. There, the plaintiff asserted that the

defendants did not follow proper procedures for parole revocation. *Munofo*, 47 F. App'x at 330.

The court nonetheless found the plaintiff's claims to be *Heck* barred:

> Munofo's allegations of procedural defects are clearly an attempt to challenge the substantive result in the parole hearing. Thus, Munofo's § 1983 claim is not cognizable under *Heck* because "a judgment in favor of the plaintiff would necessarily imply the invalidity" of the parole detainer at issue here. *Heck,* 512 U.S. at 487. Munofo has not demonstrated that he has successfully challenged his detention through the appropriate remedies.

*Munofo*, 47 F. App'x at 330–31. *See also Jackson v. Alt,* 236 F. App'x 850, 851, 2007 WL

1828937, *1 (3rd Cir. June 27, 2007) (holding that a claim that the parole violation warrant violated

equal protection was *Heck* barred); *Roberts v. O'Bannon,* 199 F. App'x 711, 713, 2006 WL

2879059, * 2 (10th Cir. Oct.11, 2006) (holding that a claim that police officers violated Fourth

Amendment by illegally seizing evidence resulting in parole violation was *Heck* barred); *Secord

v. Michigan Dep't of Corrs.,* No. 5:06-cv-94, 2006 WL 2035301, *3 (W.D. Mich. July 18, 2006)

(holding that the plaintiff's suit seeking injunctive and monetary relief alleging failure of MDOC

to provide a hearing before revoking parole was *Heck* barred).

Given the foregoing precedent, the Court will dismiss Plaintiff's complaint as barred by

the doctrine set forth in *Heck*.[2]

---

[2] A court's dismissal of a claim on the basis that it is barred by *Heck* is properly considered a dismissal under 28 U.S.C. § 1915(g) because it fails to state a claim on which relief can be granted. *See Kitchen v. Whitmer*, 104 F.4th 525, 534 n.4 (6th Cir. 2024) (a claim barred by *Heck* is properly dismissed for failure to state a claim).

> **B.**      **Alternatively, Plaintiff Fails to State a Claim Against the Individual Defendants**

Even if Plaintiff's claims were not barred by *Heck,* Plaintiff fails to state a claim upon which relief can be granted.

> **1.**      **Defendant Barnes**

Plaintiff alleges that Defendant Parole Agent Barnes issued Plaintiff a parole violation. (ECF No. 1, PageID.3.) Plaintiff pleaded guilty and does not dispute that he committed the violation. (*Id.*) Accordingly, the only conceivable issue that Plaintiff may have with Defendant Barnes' actions is that Plaintiff was "book[ed] . . . without a warrant for the violation . . ." The Court will liberally construe Plaintiff's complaint as raising a Fourth Amendment claim against Defendant Barnes.

The Fourth Amendment does not preclude warrantless arrests, but "unreasonable searches and seizures." U.S. Const. amend. IV. In the case of a free individual, the Fourth Amendment "permits an officer to arrest a suspect without a warrant if there is probable cause." *Michigan v. DeFillippo*, 443 U.S. 31, 36 (1979). But Plaintiff acknowledges that he was not a free individual; he was on parole at the time of his arrest. As the Supreme Court has explained, parolees "do not enjoy 'the absolute liberty to which every citizen is entitled, but only . . . conditional liberty properly dependent on observance of special [probation] restrictions.'" *Griffin v. Wisconsin*, 483 U.S. 868, 874(1987) (quoting *Morrissey v. Brewer*, 408 U.S. 471, 482 (1972)).

Under Michigan law,

> A . . . parole officer . . . may arrest without a warrant and detain in any jail of this state a paroled prisoner, if the . . . parole officer . . . has reasonable grounds to believe that the prisoner has violated parole . . .

Mich. Comp. Laws § 791.239. The Supreme Court has upheld similar state statutes as satisfying the Fourth Amendment. *See Morrissey*, 408 U.S. 471.

Plaintiff does not claim that Defendant Barnes did not have reasonable grounds to believe that Plaintiff engaged in threatening and intimidating behavior, only that Plaintiff was arrested without a warrant. Plaintiff's allegation of warrantless of arrest does not amount to a constitutional violation. Accordingly, the Court finds that Plaintiff fails to state a § 1983 claim against Defendant Barnes.

## 2.    Defendant VanElls

The Court cannot discern any basis for Plaintiff's claim against Defendant VanElls. Plaintiff alleges only that Defendant VanElls interviewed Plaintiff regarding the parole violation on February 11, 2022, rather than February 10, 2022, fifteen days after the January 27, 2022, parole violation. (ECF No. 1, PageID.3.) Plaintiff does not allege that he was harmed by this change in scheduling.

Federal Rule of Civil Procedure 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. "A complaint will be dismissed . . . if no law supports the claims made, if the facts alleged are insufficient to state a claim, or if the face of the complaint presents an insurmountable bar to relief." *Southfield Educ. Ass'n v. Southfield Bd. of Educ.*, 570 F. App'x 485, 487 (6th Cir. 2014) (citing *Twombly*, 550 U.S. at 561–64). Here, Plaintiff has not alleged facts that would plausibly suggest any basis for a claim against Defendant VanElls. Accordingly, Plaintiff's complaint against this Defendant is properly dismissed for this reason as well.

## 3.    Claims Against the Michigan Parole Board

Plaintiff lists the Michigan Parole Board as a Defendant in the caption of his complaint. (ECF No. 1, PageID.1.) The Board is an administrative agency within the executive branch of Michigan's government." *Horton v. Martin*, 137 F. App'x 773, 775 (6th Cir. 2005) (citing Mich. Const.1963, art. 5, § 2; *In re Parole of Bivings,* 242 Mich. App. 363 (2000)). The states and their

departments are immune under the Eleventh Amendment from suit in the federal courts, unless the state has waived immunity, or Congress has expressly abrogated Eleventh Amendment immunity by statute. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98–101 (1984); *Alabama v. Pugh*, 438 U.S. 781, 782 (1978); *O'Hara v. Wigginton*, 24 F.3d 823, 826 (6th Cir. 1994). Congress has not expressly abrogated Eleventh Amendment immunity by statute, *Quern v. Jordan*, 440 U.S. 332, 341 (1979), and the State of Michigan has not consented to civil rights suits in federal court. *Abick v. Michigan*, 803 F.2d 874, 877 (6th Cir. 1986). Therefore, the Michigan Parole Board is immune from suit, regardless of the relief requested, under the Eleventh Amendment. *Horton*, 137 F. App'x at 775.

Moreover, the State of Michigan (acting through the Michigan Parole Board) is not a "person" who may be sued under § 1983 for money damages. *See Lapides v. Bd. of Regents*, 535 U.S. 613, 617 (2002) (citing *Will*, 491 U.S. at 66); *Harrison*, 722 F.3d at 771.

Therefore, for this reason as well, Plaintiff's complaint against the Michigan Parole Board is subject to dismissal for failure to state a claim.

### C.      Claims Against Defendants Wilson, Heap, and Wright

Finally, Plaintiff brings claims against Defendants "Acting Law Judge" Wright and Parole Board Members Wilson and Heap. However, "parole board members are absolutely immune from liability for their conduct in individual parole decisions when they are exercising their decision making powers. . . Likewise, those who make recommendations concerning parole also enjoy absolute immunity." *Horton v. Martin*, 137 F. App'x 773, 775 (6th Cir. 2005) (internal citations omitted) (finding that the administrative law judge and parole board member were "entitled to immunity because Horton challenges their conduct in relation to his parole revocation hearing.")

Because Plaintiff's claims against Defendants Wilson, Heap, and Wright arise out of their conduct in relation to Plaintiff's parole revocation proceedings, they are entitled to absolute immunity and all claims against them are properly dismissed for this reason as well.

### Conclusion

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Plaintiff's complaint will be dismissed because they are barred by *Heck* and therefore, fail to state a claim, under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The complaint is also properly dismissed for the alternative reasons stated above.

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore*, 114 F.3d at 611. Although the Court concludes that Plaintiff's claims are properly dismissed, the Court does not conclude that any issue Plaintiff might raise on appeal would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). Accordingly, the Court does not certify that an appeal would not be taken in good faith. Should Plaintiff appeal this decision, the Court will assess the full appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610–11, unless Plaintiff is barred from proceeding *in forma pauperis*, *e.g.*, by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the full appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A judgment consistent with this opinion will be entered.


Dated:    March 18, 2025                          /s/ Ray Kent
                                                  Ray Kent
                                                  United States Magistrate Judge


11